IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-003278-CV-S-JAM |
| | ) | |
| FREEDOM ROADS, LLC, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Compel Arbitration and Dismiss the Case, or Alternatively, to Stay the Case During Arbitration, with supporting suggestions. (Docs. 8, 9) Defendants specifically moved for this relief pursuant to the Federal Arbitration Act (FAA). Subsequently, Plaintiff and Defendants entered into a joint stipulation to refer this matter to arbitration and stay the case pending outcome of the arbitration. (Doc. 11) The parties do not dispute the applicability of the signed Arbitration Agreement to this dispute.

Here, a stay of proceedings is both appropriate and necessary under § 3 of the FAA, 9 U.S.C. § 3. The FAA provides that the court "shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The statute's plain language establishes a mandatory obligation to stay the case, leaving no room for judicial discretion when a dispute is arbitrable, and a stay is requested. *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024) (holding that a stay must be issued under § 3 of the FAA upon request, as "shall" imposes a mandatory directive).

A stay also aligns with the FAA's overarching goal of ensuring the efficient resolution of disputes through arbitration, as recognized by the Supreme Court. *See Smith*, 601 U.S. at 478; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (explaining the

FAA's intent to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible").

In light of these considerations, the Court concludes that a stay is warranted. Accordingly, it is

**ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss the Case, or Alternatively, to Stay the Case During Arbitration (Doc. 8) is **GRANTED IN PART**. This matter is hereby **STAYED** pending arbitration. It is further

**ORDERED** that the parties shall jointly file status reports with the Court on the progress of the arbitration. The first such report shall be filed on or before March 10, 2025, with all subsequent reports filed every six months thereafter. It is further

**ORDERED** that the parties shall submit a notice updating the Court within 10 days of the conclusion of arbitration proceedings or any developments that may affect the stay.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE